Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

January 17, 2018

WILLIAM M. McCOOL, Clerk

By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBIN GALE CLINE,<br><br>Defendant | NO. CR18-5017 BHS<br><br>INDICTMENT |

The Grand Jury charges that:

## COUNTS 1 to 3
## Wire Fraud

**A.   Introduction**

1.   Costco Wholesale Corporation ("Costco") is a membership-only retail warehouse company that sells a broad range of merchandise worldwide. Costco is headquartered in Issaquah, Washington, and operates over 700 warehouses, including over 500 in the U.S. and Puerto Rico. In Washington State, Costco operates two business centers, including one in the City of Fife. This facility primarily processes and delivers orders placed online by business customers located in the South Sound region of the State of Washington.

2.   Defendant ROBIN G. CLINE, was employed by Costco as an Account Receivables (AR) Clerk in Costco's Fife Business Center. As an AR Clerk, CLINE's duties included processing Costco customers' accounts and incoming payments, assisting in order taking, processing refunds and other credits for customers, reviewing AR aging reports, handling past due letters, and performing day to day financial transactions such as verifying, classifying, computing, posting, reconciling, and recording AR data. CLINE accessed the AR database for Costco's customers on a daily basis. CLINE had the authority to charge Costco customers electronically for the orders they placed with Costco. Additionally CLINE had the authority to credit and or otherwise adjust (increase and decrease) Costco customers' account receivables balances and to issue electronic refunds to customer bank accounts or credit cards.

**B.   Scheme and Artifice to Defraud**

3.   Beginning at a time unknown but not later than in or about April 2011 and continuing until at least in or about July 2016, at the City of Fife, within the Western District of Washington, and elsewhere, ROBIN G. CLINE devised and executed, or attempted to execute, a scheme and artifice to defraud Costco Wholesale Corporation ("Costco") and its customers, and to obtain, or attempt to obtain, moneys, funds, credits, assets, and other property under the custody and control of Costco by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and did aid, abet, counsel, induce, procure, and cause the same.

4.   The essence of the scheme and artifice was for CLINE to obtain money from Costco and its customers by entering false and fraudulent accounting entries in individual Costco customer accounts, such as non-existent refunds, credits, additional charges, and adjustments, and using these false accounting entries to justify transfer of funds that appeared to be credited to Costco customers, but, in truth and fact, were diverted by CLINE into her personal bank accounts, or to the bank account of her son, all for her personal use and benefit. CLINE's falsification and manipulation of Costco customers' accounts caused her employer and its customers to suffer financial losses as a

1  result. Through this scheme and artifice, CLINE stole at least $289,975 from Costco and
2  its members.

3  **C.    Manner and Means of the Scheme and Artifice to Defraud**

4  5.  It was part of the scheme and artifice to defraud that CLINE accessed the
5  Costco AR database and falsified customer accounts to reflect non-existent returns,
6  credits, and adjustments that she well knew did not correspond to actual customer
7  transactions. These false entries allowed CLINE to issue refund payments under these
8  customer accounts. In Costco's books and records, these refunds were fraudulently made
9  to appear to have been credited to Costco customers. In truth, CLINE knowingly
10 transferred these funds to her own personal bank accounts, and an account controlled by
11 her son, J.R., for her personal use and benefit.

12 6.  It was further a part of the scheme and artifice to defraud that the following
13 are examples of the false and fraudulent accounting methods CLINE used to generate the
14 funds that she diverted to herself:

15       a.  One method utilized by CLINE involved recording on customer
16 accounts fraudulent credit memos. At Costco, a credit memo is normally recorded when a
17 customer either returns merchandise previously ordered and paid for, or for an order in
18 which there is some other customer dispute or complaint. A credit memo creates a credit
19 balance on the customer's accounts receivable, and can be the basis for generating a
20 refund payment back to the customer. Knowing this, CLINE issued bogus credit memos
21 for customers on invoiced orders that were never returned or otherwise disputed. After
22 recording the false credit, CLINE caused Costco to issue a refund payment, posting the
23 refund to the Costco customer's account and making it appear that the customer was paid,
24 whereas, in truth and fact, CLINE caused the actual funds to be electronically transferred
25 to CLINE's own personal bank account, or an account controlled by her son;

26       b.  Another method utilized by CLINE involved falsely double charging
27 a customer for an order. The customer placed, paid for, and received their order. CLINE,
28 however, would cause a fraudulent entry in the customer's account to charge the

customer again for the same order. This double charge created a credit balance on the customer's accounts receivable, causing the accounting records to appear that Costco owes money to the customer. CLINE would then cause Costco to issue a refund matching this false "overpayment," and direct the funds to her own personal bank accounts, or an account controlled by her son.

      c.    Another method used by CLINE was to transfer customer rewards reserved for executive memberships (a two percent annual membership benefit) to her own bank account, or to an account controlled by her son. Customer rewards are similar to a gift card, given to customers who typically chose to apply the credit toward outstanding balances or future purchases. Instead of applying the credit to a customer's balance, CLINE made it appear the credit was paid out, whereas, in truth and fact, she diverted the funds to her own bank account, or to an account controlled by her son.

    7.    It was further a part of the scheme and artifice to defraud that between April 2011 and July 2016, CLINE posted over 290 false and fraudulent refunds and credits to Costco customer AR balances, making it appear that the refunds were issued to the customers, but diverted the actual refunds to the bank accounts in her name and in the name of her son, J.R., as listed below. CLINE's actions affected over 100 Costco customer accounts. Through her scheme, CLINE diverted the following amounts of funds to each of the accounts:

| Bank Name | Bank Account Number | Account in the Name of | Amount of Deposits |
|---|---|---|---|
| Wells Fargo | xxxxx8233 | Robin G Cline | $ 245,660.57 |
| Wells Fargo | xxxxxx2512 | J.R. | $ 16,078.24 |
| Barclays Bank of Delaware | xxxxxxxxxxx1024 | Robin G Cline | $ 28,236.48 |
| | | Approximate Total Deposits | $ 289,975.29 |

    8.    It was further a part of the scheme and artifice CLINE attempted to disguise her activities by recording in Costco's AR database false and fraudulent accounting entries and other adjustments to the customer accounts to which she posted the unauthorized refunds. Some of these AR adjustments affected the same customer but may

INDICTMENT/CLINE - 4

have adjusted the balance of a different order number. Other AR adjustments posted by CLINE in an attempt to hide her unauthorized refund activity affected the AR balances of two or more different Costco customers for the same transaction. This resulted in balances being adjusted from customer account to customer account until either a customer paid an amount they did not owe to Costco or Costco wrote the amount off.

**D.     Execution of the Scheme and Artifice to Defraud**

9.     On or about each of the below dates, in the City of Fife, within the Western District of Washington, and elsewhere, having devised the above described scheme and artifice to defraud, ROBIN G. CLINE, for the purpose of executing the scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Interstate Wire & Content |
|---|---|---|
| 1 | July 28, 2016 | Electronic instructions sent from Washington State to the State of California to authorize an electronic funds transfer in the amount of $6,312.30 from Costco's account to a WELLS FARGO bank account '8233. |
| 2 | February 9, 2016 | Electronic instructions sent from Washington State to the State of Delaware to authorize an electronic funds transfer in the amount of $925.28 from Costco's account to a BARCLAYS bank account '1024. |
| 3 | November 11, 2014 | Electronic instructions sent from Washington State to the State of California to authorize an electronic funds transfer in the amount of $2,500 from Costco's account to a WELLS FARGO bank account '2512. |

All in violation of Title 18, United States Code, Section 1343.

//

//

# FORFEITURE ALLEGATION

10. The allegations contained in Counts 1, 2 and 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

11. Upon conviction of any one of the offenses charged in Count 1, 2 or 3, the defendant shall forfeit to the United States, any and all of her right, title and interest in all property, real or personal, constituting proceeds of the offense, and all property traceable to such property, including but not limited to the following:

    a.    A sum of money reflecting the proceeds the defendant obtained as a result of the entire wire fraud scheme, as alleged above.

13. **Substitute Property:** If, as a result of any act or omission of the defendant, any property that would be subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been diminished in value; or,

    e.    has been commingled with other property which cannot be divided without difficulty,

//
//
//
//
//
//
//

it is the intent of the United States to seek forfeiture, pursuant to Title 21, United States Code, Section 853(p), of any other property belonging to the defendant up to the value of the forfeitable property.

A TRUE BILL:

DATED: 17-JAN-2018

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

_____
FOREPERSON

_____
ANNETTE L. HAYES
United States Attorney

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney