The Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ROBIN CLINE,<br><br>　　　　Defendant. | NO. CR18-5017-BHS<br><br>PLEA AGREEMENT |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Stephen Hobbs, Assistant United States Attorney for said District, and the Defendant, Robin Cline, and her attorney, Linda Sullivan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1.    The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters her pleas of guilty to the following charges contained in the Indictment:

Counts 1 to 3: *Wire Fraud*, 18 U.S.C. §1343.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pleas of guilty, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of *Wire Fraud* are as follows:

   a. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

   b. The defendant acted with intent to defraud;

   c. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

3. **Penalties.** Defendant understands that the maximum statutory penalties for *Wire Fraud* are as follows: imprisonment for up to twenty (20) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of its conditions, she could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment or fine imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

**4. Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of her peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on her behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

**5. United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine her applicable Sentencing Guideline range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts.** Defendant admits she is guilty of the charged offenses. The parties agree on the following facts:

    a. ROBIN G. CLINE (CLINE), was employed by Costco Wholesale (Costco) as an Account Receivables (AR) Clerk in Costco's Fife Business Center from ~~1996~~ 2009 until she resigned in 2016.

    b. From 2011 to 2016, CLINE stole funds from Costco and its customers by accessing the Costco accounts receivable database, to which she had access to conduct her daily responsibilities as an AR Clerk, and modifying customer

United States v. Cline, CR18-5017-BHS
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

accounts to reflect returns and adjustments that were not linked to legitimate business transactions. The modifications allowed CLINE to generate fraudulent refunds under Costco customer accounts. On Costco's books and records these refunds appear to have been credited to Costco customers. However, CLINE credited these refunds to her own personal bank accounts, and an account controlled by her son (Jeramy Rohrs).

   **c.**  Between April 2011 and July 2016, CLINE posted over 290 false and fraudulent refunds and credits to Costco customer AR balances, making it appear that the refunds were issued to the customers, but diverted the actual refunds to the bank accounts in her name and in the name of her son. CLINE's actions affected over 100 Costco customer accounts. Cline undertook ongoing steps to modify Costco customer accounts to conceal her theft of Costco customer money. Through this scheme and artifice to defraud, CLINE stole at least $289,975 from Costco and its customers.

   **d.**  The parties agree and stipulate that CLINE fraudulently diverted the amounts listed below from Costco customer accounts to bank accounts controlled by her son and herself, as follows:

| Bank Name | Bank Account Number | Account in the Name of | Amount of Deposits |
|---|---|---|---|
| Wells Fargo | xxxxx8233 | Robin G Cline | $ 245,660.57 |
| Wells Fargo | xxxxxx2512 | Jeramy Rohrs | $ 16,078.24 |
| Barclays Bank of Delaware | xxxxxxxxxxxx1024 | Robin G Cline | $ 28,236.48 |
| | | | |
| | | **Total** | **$ 289,975.29** |

   **e.**  CLINE admits that diverting money from Costco customer accounts to accounts controlled by her and her son, and her actions in covering up this activity by modifying Costco accounts receivable entries, constituted a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises. CLINE admits that she acted with intent to defraud the Costco and its customers.

   **f.**  CLINE admits that on or about July 28, 2016, in furtherance of the scheme to defraud described above, she caused electronic instructions to be sent from Washington State to the State of California to authorize an electronic funds transfer in the amount of $6,312.30 from Costco's account to her WELLS FARGO bank account ending '8233. This deposit constituted a wire transaction in interstate commerce.

   **g.**  CLINE admits that on or about February 9, 2016, in furtherance of the scheme to defraud described above, she caused electronic instructions to be sent from Washington State to the State of Delaware to authorize an electronic funds transfer in the amount of $925.28 from Costco's account to her BARCLAYS bank account ending in '1024. This deposit constituted a wire transaction in interstate commerce.

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  **h.** CLINE admits that on or about November 11, 2014, in furtherance of the scheme to defraud described above, she caused electronic instructions to be sent from Washington State to the State of California to authorize an electronic funds transfer in the amount of $2,500 from Costco's account to Jeramy Rohrs' WELLS FARGO bank account ending in '2512. This deposit constituted a wire transaction in interstate commerce.

  **i.** The parties agree that the Court may consider additional facts contained in the Presentence Report, in the discovery, and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing (subject to standard objections by the parties).

 **8.** **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional criminal offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L.No. 105-119 (1997).

 **9.** **Sentencing Factors.**

  **a.** **Loss Amount:** The parties agree and stipulate that the amount of loss for sentencing purposes is $289,975.00.

//

//

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  **b.** **Sentencing Guidelines Calculations:** The parties agree that the following Sentencing Guidelines calculations apply to this case for Counts 1, 2 and 3: Base Offense Level of 6 (USSG §2B1.1(A)(2)). The parties agree that the Base Offense Level is increased by 12 levels in light of a loss amount of between $250,000 and $550,000 (USSG §2B1.1(b)(1)(G)).

  The parties disagree as to whether the base offense Level should be further increased by two points because more there were more than ten (10) victims (USSG §2B1.2(b)(2)(A)(i)). The parties agree they are free to present arguments regarding the applicability of this and all other provisions of the United States Sentencing Guidelines.

  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

  **10.** **Acceptance of Responsibility.** The United States acknowledges that if the Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), her total offense level should be decreased by three (3) levels because she has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  **11.** **Sentence Recommendation.** The parties agree that they may each recommend a sentence as follows:

  The government will recommend that the Court impose a sentence of incarceration of twenty-four (24) months.

  The Defendant is free to recommend whatever sentence she believes is appropriate.

  The Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

  **12.** **Restitution.** The Defendant shall make restitution to Costco in the amount of $289,975.00. Said amount shall be due and payable immediately and shall be paid in

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct as described above in Paragraph 7. Defendant understands and agrees that this Plea Agreement does not resolve any civil liabilities and penalties Defendant may have incurred as a result of the same conduct, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil liability and penalty.

If Defendant makes any a payment of the restitution amount either in connection with any civil case arising from the same conduct described in Paragraph 7, or in this criminal case prior to sentencing, the payment will be applied as a credit against the restitution amount ordered.

13. **Forfeiture of Assets.** The Defendant understands that forfeiture is part of the sentence imposed in this case. The Defendant agrees to forfeit to the United States, immediately, all of her right, title, and interest in any and all property, real or personal, constituting proceeds of the offenses set forth in Counts 1, 2 and 3. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) and includes but is not limited to:

   a. A sum of money in the amount of $289,975.00, representing the proceeds the Defendant obtained as a result of the offenses set forth in Counts 1, 2 and 3, as well as the amount of the Defendant's restitution obligation. The United States agrees it will request the Attorney General apply any amounts collected toward satisfaction of this forfeited sum of money to the Defendant's restitution obligation.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which the Defendant has any interest or control, if that property constitutes or is traceable to proceeds of the offenses set forth in Counts 1, 2 and 3.

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of her conditions of confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17.   **Completeness of Agreement.**   The United States and Defendant acknowledge that except as may be discussed on the record at the change of plea hearing, these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 20th day of June, 2018.

_____
ROBIN CLINE
Defendant

_____
LINDA SULLIVAN
Attorney for Defendant

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

*United States v. Cline*, CR18-5017-BHS
Plea Agreement - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970