JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>  Plaintiff,  <br>  v.  <br> ROBIN GALE CLINE,  <br>  Defendant. | No. CR 18-5017-BHS  <br><br> MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE  <br><br> **NOTED: JANUARY 7, 2022** |

Robin Cline, through her attorney Rebecca Fish, moves this Court to terminate her term of supervised release. In her approximately two years on supervised release, Ms. Cline has grown immensely. She has improved her mental health, strengthened her community, and improved her relationships with her family. Even though she is on a limited disability income, Ms. Cline is making regular payments toward her restitution. Undersigned counsel has consulted Probation and the Government. Probation supports early termination of Ms. Cline's supervised release, while the Government opposes largely due to the amount of outstanding restitution. Ms. Cline asks this Court to terminate her supervised release, which is not necessary for the Court to oversee or enforce her continued restitution payments.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 1

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

I.  **ARGUMENT**

   A.  **The Court has authority to terminate Ms. Cline's supervised release and will retain jurisdiction over restitution.**

This Court has statutory authority to modify a term of supervised release, including to terminate a term of supervised release, any time after one year of supervised release has expired if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Court has this authority regardless of whether the term originally imposed was discretionary or mandatory. *See United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994).

Further, terminating supervised release will not prevent the Court from continuing to enforce the restitution ordered in the Judgment and Sentence in this case. The Court retains jurisdiction after supervised release ends to enforce restitution ordered in a criminal case. *See United States v. Mays*, 430 F.3d 963, 967 (9th Cir. 2005) ("The existence or non-existence of supervised release has no bearing on the district court's jurisdiction to enter a postjudgment [] order" enforcing restitution).

   B.  **The Court's inquiry focuses on Ms. Cline's rehabilitation and reintegration into society.**

When determining whether early termination of supervised release is appropriate, this Court considers certain, but not all, enumerated factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). The Court must consider all § 3553(a) factors *except* "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "the kinds of sentences available[.]" While the omission of the latter factor reflects the practical matter that § 3583 deals with only one type of sentence—supervised release—the omission of the first factor, contained in 18 U.S.C. § 3553(a)(2)(A), reflects an intentional policy choice.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

The primary purpose of supervised release is to facilitate the integration of people convicted of crimes back into the community rather than to punish them. *See* S. Rep. No. 98-225 at 124–25 (1983) (explaining the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release"). For this reason, the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), is not a relevant factor in deciding whether to modify or terminate supervised release. *See* 18 U.S.C. §§ 3583(c), (e). In deciding whether to terminate Ms. Cline's supervised release, this Court looks to her rehabilitation and progress rather than to the seriousness of the underlying offense.

**C.    Ms. Cline has achieved the goals of supervised release.**

Ms. Cline has rehabilitated herself during her approximately two years on supervised release. She is no longer at risk of making bad decisions to try to win the love of her family. She is now self-possessed, maintaining healthy relationships with her family, and supported by her mental health treatment and religious community in times of stress.

Prior to her conviction, Ms. Cline was struggling with her mental health and had a lack of boundaries with her older adult children, who were still living with and depending on her. She had unresolved trauma within her family, so lacked healthy support from her siblings and parents. *See generally* Dkt. No. 32, Sealed Ex. 1 (Report of Indra A. Finch, Ph.D.). But Ms. Cline's prosecution and conviction in this case were a turning point.

MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

First and foremost, Ms. Cline engaged in mental health treatment. She engaged in counseling and treatment through the Puyallup Tribe. This counseling allowed her to process much of the trauma she endured in her childhood and in her prior relationships. After Ms. Cline recently moved to King County, she continued the healthy practices she learned in her new community. Ms. Cline also re-engaged with her religious community, attending the Whitewater Church. Her church community has also been an important new support for her in managing her mental health.

Ms. Cline's counseling and religious support enabled her to improve her family relationships. Ms. Cline learned to set health boundaries with her two older children, who are both adults. Her two older children understood and moved into their own homes and are now providing for themselves, rather than depending on Ms. Cline. Ms. Cline also gained the confidence to set boundaries with people who had abused her—including her exes and certain family members. Finally, Ms. Cline built stronger relationships with her mother and sisters. Prior to this case, she felt she could not turn to them for support. But Ms. Cline's counseling allowed her to have the difficult conversations with her mother and sisters that were necessary for them to establish healthy and supportive relationships. Ms. Cline no longer feels alone in her family, and now knows she has mutually supportive and respectful relationships.

Throughout this case and her supervised release, Ms. Cline's fiancé has remained an important support. He has stood by her through the case and helped her through the heavy work of addressing her mental health issues and relationships with her family. Ms. Cline now has a healthy and sustainable household with her fiancé and her youngest daughter.

Ms. Cline is making payments pursuant to her restitution payment plan despite her limited income. For approximately the first year of her supervised release, Ms. Cline had no income. Although she is disabled, she was not receiving disability

SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

payments (through a private company) due to a prior overpayment. However, after her disability income resumed, Ms. Cline started making payments. She subsequently worked out a restitution payment plan with her Probation Officer to increase her monthly restitution payments. She has kept up with that plan. Paying her monthly restitution payment is Ms. Cline's first priority when she receives her disability payment.

Ms. Cline has kept up these payments despite recent financial strain. Ms. Cline's mother had to have heart surgery in November. Ms. Cline cancelled an approved trip with her fiancé to help and she and her sister took turns living with her mother to support her through her recovery. More recently, Ms. Cline's teenage daughter's medical issues have intensified, requiring urgent medical care. Ms. Cline's daughter is currently unable to work due to the pain from her condition, so cannot assist with household expenses. Ms. Cline has assisted her in getting medical care—a task made more difficult by the current overburdening of the medical system during the pandemic. And she is trying to make sure her basic needs are met. Despite this strain, Ms. Cline has continued making her restitution payments.

Ms. Cline's rehabilitation and track record on supervised release demonstrate that the goals of supervised release have been achieved. Ms. Cline has addressed her mental health issues and previously unhealthy relationships. And she continues a strictly law-abiding lifestyle and continues to make restitution payments, even in the face of family medical issues and financial strain. Ms. Cline is thoroughly deterred from future criminal conduct, presents no risk to the public, and has rehabilitated herself. *See* 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D). The Court should exercise its authority under 18 U.S.C. § 3583(e)(1) to terminate Ms. Cline's supervised release.

MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

## II.   CONCLUSION

Ms. Cline, through counsel, respectfully asks this Court to terminate her supervised release at this time. Ms. Cline has rehabilitated herself and successfully reentered society. She has built a healthy support system and learned appropriate ways to manage her mental health. She is making restitution payments and has continued her positive conduct and progress toward restitution even in the face of new stressors. Further supervised release is not necessary.

DATED this 30th day of December, 2021.

Respectfully submitted,

s/ *Rebecca Fish*
Assistant Federal Public Defender
Attorney for Robin Cline

MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE
(*United States v. Cline*, CR18-5017-BHS) - 6

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710